MAURICE WAINER (State Bar No. 121678)
SNIPPER, WAINER & MARKOFF
270 N. Canon Drive, Penthouse
Beverly Hills, CA 90210
Telephone: (310) 550-5770
Facsimile: (310) 550-6770
E-mail: mrwainer@swmfirm.com

Attorneys for FEDERAL DEPOSIT
INSURANCE CORPORATION as
Receiver for INDYMAC BANK, F.S.B.

FILED
11 JUN 10 PM 3:33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SACV11-00875 DOC (ANx)

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD DADE, an individual, EDDY DADE & ASSOCIATES, INC., a California corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. **BREACH OF CONTRACT and** <br> 2. **NEGLIGENT MISREPRESENTATION** |

SNIPPER WAINER & MARKOFF
270 N. CANON DRIVE
PENTHOUSE
BEVERLY HILLS, CALIFORNIA 90210
tel. (310) 550-5770 fax (310) 550-6770

781658.1 5662.093

COMPLAINT FOR BREACH OF CONTRACT AND NEGLIGENT MISREPRESENTATION

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  Plaintiff, Federal Deposit Insurance Corporation, as receiver for IndyMac

2  Bank, F.S.B. ("FDIC"), for its claims for relief against Edward Dade, an individual,

3  and Eddy Dade & Associates, Inc., a California corporation (collectively, "Dade")

4  and Does 1 through 10, inclusive (collectively, "Defendants"), alleges upon

5  knowledge with respect to acts concerning itself, and otherwise upon information

6  and belief, as follows:

7  ## JURISDICTION

8      1.     This Court has original jurisdiction of this civil action pursuant to

9  12 U.S.C. § 1819(b)(2)(A).  As a suit brought by the Federal Deposit Insurance

10  Corporation, this suit is deemed to arise under the laws of the United States.

11  ## THE PARTIES

12      2.     IndyMac Bank, F.S.B. ("IndyMac") was a federally chartered savings

13  bank with its principal place of business in Pasadena, California.  On July 11, 2008,

14  IndyMac was closed by the Office of Thrift Supervision and the Federal Deposit

15  Insurance Corporation was appointed as Receiver pursuant to 12 U.S.C.

16  § 1464(d)(2)(A) and 12 U.S.C. § 1821(c)(5).  The FDIC as Receiver of IndyMac

17  Bank, F.S.B., has standing to prosecute this action.

18      3.     The FDIC is informed and believes, and on that basis alleges, that

19  Defendant Edward Dade is an individual residing in Orange County, California.

20  Dade is a California Certified Residential Appraiser (Lic. No. 020369) and is the

21  principal, agent, and/or employee of Eddy Dade & Associates, Inc.

22      4.     The FDIC is informed and believes, and on that basis alleges, that

23  Defendant Eddy Dade & Associates, Inc., is a California corporation formed under

24  the laws of the state of California, with its principal place of business in Orange

25  County, California.  Eddy Dade & Associates, Inc., is engaged in the business of

26  real estate appraisals and is doing business Orange County.

27

28

781658.1 5662.093

COMPLAINT FOR BREACH OF CONTRACT AND NEGLIGENT MISREPRESENTATION

5.      The FDIC is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive.  The FDIC is informed and believes, and on that basis alleges, that each fictitious defendant was in some way responsible for, participated in, or contributed to, the maters and things of which the FDIC complains herein and in some fashion has legal responsibility therefor.  When the exact nature and identity of such fictitious defendants' responsibility for, participation in, and contribution to, the matters and things herein alleged is ascertained by the FDIC, it will seek to amend this Complaint and all proceedings herein to set forth the nature of these defendants' identities.

## VENUE

6.      The venue of this action in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the FDIC's claims and the injury alleged herein occurred in this District.

## FACTUAL SUMMARY

**A.      The Appraisal**

7.      On or about February 7, 2007, Dade contracted with First Home Front, Inc., to prepare a written Land Appraisal Report for a vacant lot located at 1640 Bridgeport Drive, Los Angeles, California (the "Property").  Dade knew that this appraisal was to be used for mortgage lending purposes.

8.      On or about February 7, 2007, Dade prepared an appraisal (the "Appraisal") which valued the Property at $359,000 as of that day.  The Appraisal was submitted to IndyMac Bank, F.S.B. ("IndyMac") for the purpose of facilitating a mortgage loan transaction.

9.      In submitting the Appraisal to First Home Front, Inc., Dade was required to use reasonable care in preparation of the Appraisal and to demonstrate,

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  through his conduct, the qualifications of honesty, candor, integrity and
2  trustworthiness necessary to prepare the Appraisal.

3      10.    The FDIC subsequently learned that the Appraisal had been negligently
4  prepared and contained material misrepresentations, which resulted damages to
5  FDIC.

6      11.    Specifically, the Appraisal inflated the value of the Property by using
7  inappropriate and cherry-picked comparables, and misrepresenting material aspects
8  of the comparables.  For example:

9          a.  With respect to Comparable #2, Dade reported the sale of a 4,152
10             square foot lot which sold for $489,000.  Based upon public records,
11             the FDIC is informed and believes and thereupon alleges that this
12             sale included two adjoining lots:  the lot included in the Appraisal
13             and an adjoining lot which included a single-family residence.  The
14             $489,000 sale price included both lots and the single-family
15             residence.  Comparable #2 was not appropriate for use as a
16             comparable for a vacant lot, and the Appraisal made no adjustments
17             for the fact that this comparable included two lots and a residence.

18         b.  With respect to Comparable #3, Dade reported the sale of a 4,770
19             square foot lot for $240,000.  Based upon public records, the FDIC
20             is informed and believes and thereupon alleges that this sale
21             included four lots totaling 20,673 square feet.  This much larger
22             parcel of land was not appropriate for use as a comparable for a lot
23             which was approximately one quarter of the size of Comparable #3.

24  **B.    The Loan**

25      12.    Upon information and belief, in reliance on the Appraisal and the
26  Dennis Appraisal, on or about July 27, 2007, IndyMac funded a loan for the
27  purchase of the Property, and issued a mortgage loan in the principal amount of
28  $323,100 (the "Loan").

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

13.    Had IndyMac known about the misrepresentations in the Appraisal, as set forth above, it could not and would not have funded the Loan.

14.    The FDIC subsequently learned that the Appraisal had been negligently prepared and contained material misrepresentations, which resulted damages to FDIC.

15.    Plaintiff's damages resulting from Defendants' conduct are currently estimated to exceed $315,189.95.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT – THIRD PARTY BENEFICIARY

### Against All Defendants

16.    The FDIC realleges and incorporates by reference paragraphs 1 through 15, inclusive, of this Complaint.

17.    On or about February 7, 2007, Defendants entered into an agreement to provide an appraisal of the Property.

18.    Defendants prepared the Appraisal on or about February 7, 2007, and received valuable consideration in exchange for his appraisal.

19.    In entering into this agreements, Defendants knew that the Appraisal would be used by a lender such as IndyMac to evaluate the value of the Property in connection with a mortgage lending transaction.  A lender such as IndyMac was the intended beneficiary of the agreement.

20.    Defendants breached the contract in that the Appraisal: (1) misrepresented the value of the Property; (2) used improper and negligently selected comparable sales; and (3) did not comply with the Uniform Standards of Professional Appraisal Practice.

21.    IndyMac performed and completed all of its obligations owed to Defendants as required, except as to any acts or obligations IndyMac was excused from performing by Defendants' breach.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

22.    Plaintiff has suffered foreseeable damage as a result of Defendants' breach of the agreements.  Plaintiff has suffered damages in an amount to be proven at trial but no less than $315,189.95, plus interest, costs, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

## NEGLIGENT MISREPRESENTATION

### Against All Defendants

23.    The FDIC realleges and incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint.

24.    Defendants prepared the Appraisal on or about February 7, 2007, which misrepresented the value of the Property as $359,000.

25.    The Appraisal was submitted to IndyMac for the purpose of facilitating a mortgage loan.

26.    In preparing the Appraisal, Defendant owed IndyMac a duty to act in accordance with the law and in accordance with the custom, practices and standards of conduct of an appraiser prevailing in the industry.

27.    In breach of that duty, the Appraisal contained numerous material misrepresentations, failures and deficiencies including, but not limited to, violations of the Uniform Standards of Professional Appraisal Practice; negligent misrepresentations of the value of the Property; and failure to use and analyze appropriate comparable sales.

28.    At the time Defendants prepared the Appraisal, they had no reasonable grounds for believing the representations were true.  These representations were material to IndyMac's decision to fund the Loan, and Defendants intended for lenders such as IndyMac to rely on the representations made in the Appraisal as part of mortgage lending transactions.

29.    IndyMac relied on the representations made by Defendants in the Appraisal in deciding to fund the Loan secured by the Property, and IndyMac further relied upon Defendants to conduct business in accordance with the duty of

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1 care implied by the law and the custom of the appraisal industry.  IndyMac

2 reasonably believed that the information submitted by Defendants was true and had

3 been reviewed in accordance with the Uniform Standards of Professional Appraisal

4 Practice and other standards prevalent in the appraisal industry.

5      30.    Plaintiff has been damaged because it relied upon Defendants'

6 representations, and reasonably believed that Defendants would properly carry out

7 their professional duties, when Plaintiff made the decision to purchase the Loan

8 secured by the Property on the secondary market.  Plaintiff's damages are presently

9 believed to be in excess of $315,189.95, plus interest, costs, and attorneys' fees.

10

11     **WHEREFORE,** the FDIC prays for judgment against Defendants, and each

12 of them, as follows:

13        1.    For general, compensatory, and consequential damages,

14 according to proof at trial in an amount of not less than $315,189.95;

15        2.    For its costs of suit incurred herein;

16        3.    For its reasonable attorneys' fees as allowed by law;

17        4.    For prejudgment interest at the legal rate allowable; and

18        5.    For such other and further relief as the court deems just and

19 proper.

20

21 DATED: June 8. 2011           SNIPPER WAINER & MARKOFF

22

23

24                     By: _____

                         Maurice Wainer

25                  Attorneys for FEDERAL DEPOSIT INSURANCE

                 CORPORATION as Receiver for INDYMAC

26                  BANK. F.S.B.

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV11- 875 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

Maurice Wainer (SB#121678)
SNIPPER, WAINER & MARKOFF
270 N. Canon Drive, Penthouse
Beverly Hills, CA 90210

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV11-00875 DOC (ANx)** |
| v. | |
| EDWARD DADE, an individual; EDDY DADE & ASSOCIATES, INC., a California corporation; and DOES 1 through 10, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): EDWARD DADE, an individual; EDDY DADE & ASSOCIATES, INC., a California corporation; and DOES 1 through 10, inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Maurice Wainer_, whose address is _270 North Canon Drive, Penthouse, Beverly Hills, California 90210_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _JUN 1 0 2011_

By: _CHRISTOPHER POWERS_
    Deputy Clerk

    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                        SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. | EDWARD DADE, an individual;  EDDY DADE & ASSOCIATES, INC., a California corporation; and DOES 1 through 10, inclusive |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)  Maurice Wainer (SB#121678)  SNIPPER, WAINER & MARKOFF  270 N. Canon Drive, Penthouse  Beverly Hills, CA 90210  (310) 550-5770 | Attorneys (If Known) |
|---|---|

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 315,189.95

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
12 U.S.C. 1819(b)(2)(A).  12 U.S.C. §1464(d)(2)(A).  12 U.S.C. 1821(c)(5).  28 U.S.C. §1391(b).

### VII. NATURE OF SUIT (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☒ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities /Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury- Med Malpractice
- ☐ 365 Personal Injury- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Acco- mmodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

### VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY:   Case Number: _____   SACV11-00875

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☑No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

   LOS ANGELES.

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

   ORANGE.

List the California County, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

   LOS ANGELES.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 6 8 11

   Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
   filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions
   sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |